UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| SERGIO DIAZ, | ) | No. CV 11-01590-DDP (VBK) |
| | ) | |
| Plaintiff, | ) | ORDER RE DISMISSAL WITH LEAVE TO |
| | ) | AMEND |
| v. | ) | |
| | ) | |
| L.A. COUNTY SHERIFF'S DEPT., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Pro se prisoner Sergio Diaz (hereinafter referred to as "Plaintiff") filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on March 11, 2011, pursuant to the Court's Order re Leave to File Action without Prepayment of Full Filing Fee. Plaintiff has named as Defendants Captain Victor Trujillo, Sheriff Leroy Baca, Mayor Antonio Villaraigosa, William T. Fujioka and Unknown Deputies, Sergeants, and Lieutenants in their individual capacities.

## STATEMENT OF FACTS

Plaintiff alleges on May 26, 2009 at the North County Correctional Facility he was punched, kicked and tazed during a

contraband watch between 3:00 p.m. and 12:00 a.m. (Complaint at 5.)
Plaintiff alleges that unknown deputies left him naked in his cell
while other inmates could watch, which was humiliating to him.
Plaintiff alleges that unknown deputies watched as Plaintiff was
beaten and tazed. Plaintiff was left in the tank for an hour without
any medical care. Plaintiff was sent back to his dorm among dirty
walls and bunks which can contain "gangrene" or "staphylocolus"
infections. Plaintiff alleges he has a documented scar on his back
from the tazing incident. Plaintiff alleges the deputies did not
document this incident and told Plaintiff to keep his mouth shut or
they would taze him again. (Complaint at 5.)

Plaintiff alleges that Defendants Captain Victor Trujillo and
other unknown lieutenants and sergeants violated his Fourteenth
Amendment rights by failing to train and supervise the deputies,
lieutenants and sergeants. Plaintiff alleges that unknown deputies
violated his Fourth and Fourteenth Amendment rights by forcibly
exposing Plaintiff's nude body to strangers, therefore violating
Plaintiff's right to due process and privacy. Plaintiff alleges that
his Fourth, Eighth and Fourteenth Amendment rights were violated by
the Defendants use of excessive force. (Complaint at 5.)

Plaintiff alleges that Defendant Sheriff Leroy Baca violated his
Fourth and Fourteenth Amendment rights by failing to train and
supervise his captain, lieutenants and sergeants and deputies "whom
abused a policy, used excessive force, failed to document an incident
properly and failed to provide adequate health care." (Complaint at
7.) Plaintiff alleges that Defendant Antonio Villaraigosa violated
his Fourteenth Amendment rights by failing to supervise the City of
Los Angeles. (Id.) Plaintiff alleges that Defendant William T.

1   Fujioka violated his Fourteenth Amendment rights by failing to

2   supervise the County of Los Angeles. (Id.)

3       Plaintiff seeks compensatory and punitive damages against

4   Defendants. (Complaint at 8.)

5

6                          **STANDARD OF REVIEW**

7       Because Plaintiff is seeking to proceed in forma pauperis, the

8   Court shall review such a complaint "as soon as practicable after

9   docketing." Pursuant to 28 U.S.C. § 1915(e)(2), the District Court is

10  required to dismiss a complaint if the Court finds that the complaint

11  (1) is legally frivolous or malicious, (2) fails to state a claim upon

12  which relief may be granted, or (3) seeks monetary relief from a

13  defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (re: all

14  in forma pauperis complaints).

15      A complaint may also be dismissed for lack of subject matter

16  jurisdiction, pursuant to F.R.Civ.P. 12(b)(1).  Neitzke v. Williams,

17  490 U.S. 319, 327 n.6, 109 S.Ct. 1827 (1989)(unanimous

18  decision)(patently insubstantial complaint may be dismissed under Rule

19  12(b)(1) for lack of subject matter jurisdiction.  When considering a

20  dismissal, a Court must accept as true all allegations and material

21  facts and must construe those facts in a light most favorable to the

22  plaintiff.  Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).

23  However, a "court [is not] required to accept as true allegations that

24  are merely conclusory, unwarranted deductions of fact, or unreasonable

25  inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th

26  Cir. 2001).  Nor is a Court "bound to accept as true a legal

27  conclusion couched as a factual allegation." Ashcroft v. Iqbal, ___

28  U.S. ___, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

1    "To survive a motion to dismiss, a complaint must contain

2 sufficient factual matter, accepted as true, to 'state a claim to

3 relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949

4 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct.

5 1955 (2007)).  "A claim has facial plausibility when the plaintiff

6 pleads factual content that allows the Court to draw the reasonable

7 inference that the defendant is liable for the misconduct alleged."

8 Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(citing Twombly,

9 550 U.S. at 556.)  "The plausibility standard is not akin to a

10 'probability requirement,' but it asks for more than a sheer

11 possibility that a defendant acted unlawfully." (Id.)  Although a

12 complaint need not include "'detailed factual allegations,' ... [a]

13 pleading that offers 'labels and conclusions' or 'a formulaic

14 recitation of the elements of the cause of action will not do.'"

15 Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  The

16 Complaint must contain "factual content that allows the court to draw

17 the reasonable inference that the defendant is liable for the

18 misconduct alleged." Iqbal, 129 S.Ct. at 1949. "[W]here the well-

19 pleaded facts do not permit the court to infer more than the mere

20 possibility of misconduct, the complaint has alleged – but it has not

21 'show[n]' – 'that the pleader is entitled to relief.'" (Id. at 1950

22 [quoting Fed.R.Civ.P. 8(a)(2) (internal brackets omitted).

23    In civil rights cases in which the Plaintiff appears pro se, the

24 pleadings must be construed liberally, so as to afford the plaintiff

25 the benefit of any doubt as to the potential validity of the claims

26 asserted. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623

27 (9th Cir. 1988).  If, despite such liberal construction, the Court

28 finds that the complaint should be dismissed for failure to state a

claim, the Court has the discretion to dismiss the complaint with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  A pro se litigant should be given leave to amend, unless it is clear that the deficiencies of the complaint cannot be cured by amendment.  Lopez, 203 F.3d at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

**DISCUSSION**

For all of the following reasons, the Complaint should be dismissed with leave to amend.

**A.   Section 1983 Requirements.**

In order to state a claim under section 1983, a plaintiff must allege that:  (1) the defendants were acting under color of state law at the time the complained of acts were committed; and (2) the defendants' conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250 (1988); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir. 1988); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc), cert. denied, 478 U.S. 1020 (1986).  Liability under section 1983 is predicated upon an affirmative link or connection between the defendants' actions and the claimed deprivations.  See Rizzo v. Goode, 423 U.S. 362, 372-73, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

A person deprives another of a constitutional right,

where that person "does an affirmative act, participates in
another's affirmative acts, or omits to perform an act which
[that person] is legally required to do that causes the
deprivation of which complaint is made." [citation]  Indeed,
the "requisite causal connection can be established not only
by some kind of direct personal participation in the
deprivation, but also by setting in motion a series of acts
by others which the actor knows or reasonably should know
would cause others to inflict the constitutional injury."
Johnson v. Duffy, 588 F.2d at 743-44.

Here, Plaintiff names Defendants Mayor Villaraigosa and William
T. Fujioka and alleges that they acted under color of state law
because he is Mayor and C.E.O. respectively.  Plaintiff has set forth
conclusory allegations without any factual support to state a claim
against Defendants Mayor Villaraigosa and William T. Fujioka.

**B.    Plaintiff's Individual Capacity § 1983 Claims Against
Defendant Sheriff Baca Are Not Supported by Any Admissible
Evidence**.

Plaintiff's claims against Defendant Sheriff Leroy Baca are in
his individual capacity.  An individual defendant is not liable on a
civil rights claim unless the facts establish the defendant's personal
involvement in the constitutional deprivation or a causal connection
between the defendant's wrongful conduct and the alleged
constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646
(9th Cir. 1984); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).
Plaintiff may not sue Defendant Sheriff Baca or any supervisor on a

theory that a supervisor is liable for the acts of his subordinates. See Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445 (1981); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002), cert. denied, 537 U.S. 1106, 123 S.Ct. 872 (2003); Redman v. County of San Diego, 942 F.2d 1435, 1443-47 (9th Cir. 1991), cert. denied, 502 U.S. 1074 (1992)(supervisory personnel generally are not liable under 42 U.S.C. § 1983 on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability.   A supervisory official may be liable under § 1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.); see also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1948 (2009)(supervisory personnel not individually liable under section 1983 on the theory of respondeat superior or supervisory liability in absence of state law imposing such liability).

Here, Plaintiff has not alleged facts nor is there any evidence indicating that Defendant Sheriff Baca was personally involved in the alleged denial of Plaintiff's rights.   Accordingly, Plaintiff has failed to state a claim against Defendant Sheriff Baca in his individual capacity.


C.   **Supervisory Liability**.

Liability may be imposed on an individual defendant under § 1983 only if the plaintiff can show that the defendant proximately caused the deprivations of his federally protected rights of which he complains.   Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).   Respondeat

superior is not a sufficient basis for imposing liability under §
1983. <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658,
663-64 n. 7 (1978).  State officials are not subject to suit under §
1983 unless they play an affirmative part in the alleged deprivation.
<u>King v. Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987).

     In order to allege facts sufficient to show a jurisdictional
basis for imposing liability, <u>see</u> <u>Franklin v. Murphy</u>, 745 F.2d 1221,
1234 (9th Cir. 1984), Plaintiff must allege facts to show that the
Defendant proximately caused the deprivation of rights of which
Plaintiff complains, or that Defendant in a supervisory capacity
failed to properly train or supervise personnel resulting in the
alleged deprivation, [that the alleged deprivation resulted from
official policy or custom for which Defendant was responsible], or
that Defendant knew of the alleged misconduct and failed to act to
prevent future misconduct.

     A plaintiff "must allege facts, not simply conclusions, that show
an individual was personally involved in the deprivation of his civil
rights." <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998),
<u>cert. denied</u>, 525 U.S. 1154, 119 S.Ct. 1058 (1999); <u>see</u> <u>Iqbal</u>, 129
S.Ct. at 1950 (stating that a complaint must contain more than legal
conclusions to withstand dismissal for failure to state a claim).
With an Eighth Amendment excessive force claim, the "core judicial
inquiry" is "whether force is applied in a good faith effort to
maintain or restore discipline, or maliciously and sadistically to
cause harm." <u>Wilkins v. Gaddy</u>, ___ U.S. ___, 130 S.Ct. 1175, 1178
(2010)(<u>per</u> <u>curiam</u>)(quoting <u>Hudson v. McMillian</u>, 503 U.S. 1, 7, 1125
S.Ct. 945 (1992).).  Plaintiff is granted leave to allege conclusory
fact explaining what each Defendant did or failed to do that amounts

1  to the use of excessive force in violation of the Eighth Amendment.

3  **D.   Plaintiff must Exhaust His Administrative Remedies Pursuant**
4  **To 42 U.S.C. § 1997e(a)**.

5  Since this action was filed after the enactment of the Prison
6  Litigation Reform Act of 1995 ("PLRA"), it is governed by the
7  provisions of the PLRA.   The PLRA amended 42 U.S.C. § 1997e(a) to
8  provide as follows:

9         "[No action shall be brought with respect to prison
10        conditions under Section 1983 of this title, or any other
11        Federal law, by a prisoner confined in any jail, prison, or
12        other correctional facility until such administrative
13        remedies as are available are exhausted."

15  The PLRA defined the phrase "civil action brought with respect to
16  prison conditions" as meaning "any civil proceeding arising under
17  federal law with respect to the conditions of confinement or the
18  effects of actions by government officials on the lives of persons
19  confined in prison," other than "habeas proceedings challenging the
20  fact or duration of confinement in prison."   See, 18 U.S.C. §
21  3626(g)(2).   In Booth v. Churner, 532 U.S. 731, 121 S. Ct. 1819
22  (2001), the United States Supreme Court held that the PLRA requires
23  administrative exhaustion prior to an inmate filing a civil rights
24  lawsuit even when the grievance process does not permit the award of
25  money damages and an inmate seeks only money damages, as long as the
26  grievance tribunal has authority to take some action in response to an
27  inmate's complaint.   See also, Porter v. Nussle, 534 U.S. 516, 122 S.
28  Ct. 983 (2002)(Exhaustion of administrative remedies is required for

all prisoner suits seeking redress for prison occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violations based on use of excessive force or some other wrong). McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002)(per curiam)(PLRA requires district courts to dismiss actions without prejudice where the prisoner failed to exhaust administrative remedies before filing suit).

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." (California Code of Regulations Title 15, section 3084.1(a).) They may also file appeals alleging misconduct by correctional officials. Id., § 3084.1(c). To exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC Form 602, (3) second-level appeal to the institution head or designee, and (4) third-level appeal to the Director of CDC or the Director's designate. Barry v. Ratelle, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997)(citing Cal. Code. Reg. Title 15, section 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement in § 1997(e)(a). Id. at 1237-38; see Alexandroai v. California Department of Corrections, 985 F.Supp. 968, 969-70 (S.D. Cal. 1997).

The Supreme Court in Booth explicitly required that the prisoner "complete a prison administrative process" under the PLRA version of § 1997(e). Booth v. Churner, 532 U.S. 731 at 739.

A prisoner's grievance must address all claims being brought and

advise correctional authorities by description of all persons against whom claims might be brought.  <u>Irvin v. Zamora</u>, 161 F.Supp.2d 1125, 1127 (S.D. Cal. 2001). Here, from the face of the Complaint it does not appear that Plaintiff exhausted his administrative remedies.

### CONCLUSION AND ORDER

In an abundance of caution, Plaintiff will be afforded an opportunity to amend his Complaint to attempt to overcome the defects discussed above, and to allege a cognizable constitutional claim Accordingly, **IT IS HEREBY ORDERED**: (1) Plaintiff's Complaint is dismissed with leave to amend; and (2) Plaintiff is granted 30 days from the date of this memorandum and order within which to file a "First Amended Complaint."  The First Amended Complaint must be complete within itself and shall not incorporate by reference and portion of the original Complaint.  Plaintiff may not add new parties without leave of the Court.  Failure to comply with the requirements set forth in this Memorandum and Order may result in a recommendation that this action be dismissed with prejudice.

DATED: April 15, 2011          _____/s/_____

VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE